# United States District Court
# Northern District of Indiana
# South Bend Division

| | |
|---|---|
| IN THE MATTER OF 71395 COUNTY ROAD 25 NEW PARIS INDIANA 46553 | CASE No.: 3:16-MJ-00055-MGG |
| IMO SPRINT CELL PHONE NUMBER 260-431-9552 | CASE NO.: 3:16-MJ-00037-MGG |

## MOTION REQUESTING TO UNSEAL AND PRODUCE ALL WARRANTS RELATED TO RODRIGUEZ'S CASE FOR CIVIL AND CRIMINAL PROCEEDING PURPOSES

NOW COMES Enedeo Rodriguez Jr., Prose and hereby request to unseal and present the Application, Affidavit, and Warrant in the matter of 71395 County Road 25 New Paris, Indiana 46553, Sprint Cell Phone Number 260-431-9552, and Cell Phone Number 260-440-4248 in its entirety for the reasons mentioned below.

On October 14, 2020, Enedeo Rodriguez Jr. (hereinafter "Rodriguez"), filed a Motion to Unseal and Produce the Entire Case but was denied by Magistrate Judge Michael G. Gotsch Sr.

On December 18, 2020, a magistrate judge denied a number of motions filed by Rodriguez, seeking to unseal and produce documents and papers pertaining to the federal warrants used to search his phone and home. Rodriguez promptly filed a notice of appeal and was granted to proceed in forma pauperis by the Chief Judge in which the Court of

1

Appeals for the Seventh Circuit dismissed that appeal on 11-09-22, for lack of jurisdiction. *See Jaquez v. United States, 36 F. 4th 725 (7th Cir. 2022).*

Rodriguez, now seeks to find relief from the Chief Judge and to properly be directed to the next appropriate step to satisfy in obtaining any and all documents related to his criminal case and civil case.

He is requesting the following documents:

- The complete warrants to cell phone number (260-440-4248), which was used to identify Rodriguez on the other side of a call.
- The clarification of a warrant affidavit that was provided to Rodriguez's attorney before trial in results of drafting a false affidavit for a warrant.
- The completeness of all warrants and warrants related to Rodriguez's criminal and civil case.

Rodriguez, is respectfully requesting this information to further pursuit his Post-Conviction Relief Appeal under cause no. 20C01-1810-PC-000052, as well as his civil case under cause no. 3:18-cv-00899-JD-MGG. This would not only satisfy the discovery rule but would allow Rodriguez to properly proceed in his civil and criminal matters.

Rodriguez, is requesting the warrants and affidavits from phone number 260-440-4248 because on October 31, 2016, Lessner further produces information contained from an investigative event of August 23, 2016, concerning Moreida and a warrant executed on his phone that would only allow Lessner to see incoming and outgoing calls. Lessner indicated that subsequently after

2

a meeting with Moreida involving drugs, he called Rodriguez and that it was verified through a warrant executed on Moreida's phone. However, that warrant does not verify who is on the other line, rather Rodriguez further notes, that the cellphone number 260-431-9552, was not even registered to him, therefore how would Lessner be so sure it was Rodriguez without listening to the conversation?[1]

In addition, the affidavit to search Rodriguez's home, Lessner indicates he did not have a warrant for wiretapping Moreida's phone or Rodriguez's and further describes what the warrant allowed him to do, which was to obtain "toll information" "for incoming and outgoing calls". However, Court records show that Lessner did depend on a wire surveillance, see **Rodriguez v. State, 2018 Lexus at* (Ind. Ct App. June 13, 2018, "P6"**; "Afterwards, wire surveillance revealed that Moreida telephoned Rodriguez".

Rodriguez, is further requesting the clarification of the additional affidavit of a warrant because the Special Agent Wayne Lessner drafted and approved several affidavit's that contained false and misleading statements, omitted facts, relied on unreliable and stale information, and engaged in illegally wiretapping plaintiff's cellphone in order to gain further evidence to obtain the search warrant for his residence, this act violated Federal Civil Rights Law and those violations resulted in an unreasonable search.

---

[1] In the trial transcripts, *State of Indiana vs. Enedeo Rodriguez Jr. cause no. 20C01-1611-F2-00031*, Officer Whitmyer testifies to the use of ping and pen registry warrants, the allowance of what officers are allowed to do and what they cannot do.

3

Accordingly, the affidavits provided by Lessner, allege that it was a joint Federal and State investigation, which the Government later stated of not having no part in the prosecution.

On August 28, 2016, and September 1, 2016 Agent Lessner applied for a warrant to ping Rodriguez's cellphone, the August warrant was presumably fabricated and the September warrant was allegedly submitted and issued. Wayne Lessner stated that with the use of the warrant, Elkhart officials executed the warrant by pinging Rodriguez's location that further directed investigators to cellphone related to Luis H. Jaquez and his home. Further noted, that the warrant was not returned until a year later, after Plaintiff had been convicted and sentenced on the evidence obtained from that warrant.

Two months after the issuance of the above warrant, Agent Lessner applied for an additional warrant to search Rodriguez's residence, he submitted the affidavit to the same Magistrate Judge with information that was apparently obtained from the previous warrant to search his home. The Magistrate at this point did not question whether the previous warrant to ping the cellphone was returned nor did he make an issue of the warrant not being returned, rather it was an issue after Rodriguez was found guilty and convicted, a year later.

Moreover, failing to return the warrant in an adequate time frame leaves room to correct and further modify such document, which brings us to the following;

- Word Processing programs commonly used in official settings are programed to set dates according to the date you are in, and keeps the user in the parameters of the program. In example, Wayne Lessner describes in his affidavit that on October 2015 an incident took place but instead of the date being 2015 as it should have been, he listed 2016, this happen with Brian Schroth ("Brian") as well, a former detective with the Elkhart County

4

I.C.E. Unit. This correction could possibly mean that such affidavits were drafted after the fact, which would be after October 2016, making the affidavits invalid and fruit of the poisonous tree. Therefore Rodriguez strongly believes that further obtaining and reviewing any and all documents and contents related to this case in its entirety will bring to light additional misconceptions.

WHEREFORE, Rodriguez respectfully asks the Courts to please Grant this motion in order to resolve his pending matters in civil and state case and for all other relief deemed to be just and proper in the premises.

Date: November 18, 2022                                    Respectfully submitted,

                                                           *Pro se, Enedeo Rodriguez Jr.*

## CERTIFICATE OF SERVICE

I certify that on November 18, 2022, I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filling to all counsel of record.

                                                           *Pro se, Enedeo Rodriguez Jr.*

**Enedeo Rodriguez Jr.**
**(Printed Name)**          DOC#988510
**Indiana State Prison**
**1 Park Row St.**
**Michigan City, IN 46360**